## Case No. 12,066a.

ROSHELL et al. v. MAXWELL.

[Hempst. 25.] [1]

Superior Court, Territory of Arkansas. Oct., 1824.

COURTS—SUPERIOR AND CIRCUIT COURTS OF ARKANSAS—INJUNCTIONS.

1. The circuit court cannot enjoin a judgment of the superior court and make the case triable in the circuit court, for this would make the inferior paramount to the superior tribunal.

2. One circuit court cannot interfere with or restrain the proceedings of another circuit court, for they are equal in authority.

3. The circuit judges have the power to grant injunctions in proper cases.

[This was an action by Reuben L. Roshell and Hunt M. Shiff against John Maxwell. Heard on motion for an alias execution.]

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

OPINION OF THE COURT. In this case, the plaintiffs obtained a judgment on the law side of this court against Maxwell, on which execution issued, directed to the sheriff of Arkansas county. The defendant applied to the circuit court of that county to stay proceedings, and obtained an injunction, as appears by the sheriff's return on the execution. The plaintiffs now ask the issuing of an alias execution, notwithstanding the injunction, which they contend is a nullity. The bill is made returnable to the circuit court of Arkansas county, and is there to be tried and heard; and the question is directly involved whether the circuit court has the power to stay the process and proceedings of the superior court, and by interlocutory or final decree, enjoin, restrain or control our acts. We believe there is no power so to do; nor do we think one circuit court has the right to restrain or control the proceedings of another, so as to draw to itself an investigation properly belonging to the court where the suit at law was tried, much less to enjoin the proceedings of this court and retain the bill there. A course of practice fraught with so much inconvenience to suitors, and embarrassment to this tribunal, cannot be submitted to nor supported. It is disrespectful to us, and badly calculated to attain the ends of justice and equity. It is due to the superior court to know whether its judgments and process are properly or improperly intercepted. If improperly, must this court await the tedious investigation of a suit in chancery in the circuit court before it can enforce its judgments, and before it can know in any legitimate way whether the restraint is in conformity with equity or not? Can it be insisted, that after having permitted a judgment to go against him in this court, a party may, by applying to an inferior, paralyze the arm of the superior court, and make the efficacy of our judgments and decrees dependent on an inferior tribunal?

We think not. Besides, this bill ought to have been addressed to and returned into this court, where the judgment was rendered, so as to have afforded an early opportunity of withdrawing or continuing the restraint on the judgment, as should seem most consistent with equity. The power of the circuit judges to grant injunctions in proper cases is not denied. Such a power may well be said to be an incident to every court of record that can exercise chancery jurisdiction. But the right to retain this bill, and to proceed to the determination of it, is quite a different thing, and cannot be admitted. If the circuit court has a right to stay our proceedings during an investigation in a suit in chancery, and at last forbid our proceeding at all to execute our judgments, it has as good a right to interfere in the trial of every suit here, and thus enfeeble our powers, forbid the trial of any and every suit on the docket, and hold our judgments and decrees subject to its will; in fact, it would make the inferior paramount to the superior tribunal. It need only be proposed to insure the rejection of such a doctrine. We are therefore of opinion that an alias execution should issue, and that the plaintiff should recover the costs of this motion. Ordered accordingly.